NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re DAVID'S DOZER V-LOC SYSTEM INC.,
DAVID ARMAS,**
*Petitioners*

---

2024-135

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in No. 1:23-cv-24931-CMA, Judge Cecilia M. Altonaga.

---

**ON PETITION**

---

Before LOURIE, HUGHES, and STARK, *Circuit Judges.*

PER CURIAM.

### O R D E R

David's Dozer V-Loc System Inc. and David Armas (collectively, "David's Dozer") petition this court for a writ of mandamus challenging the United States District Court for the Southern District of Florida ("SDFL")'s order transferring the underlying action to the United States District Court for the Northern District of Iowa ("NDIA").  Deere & Company and John Deere Construction and Forestry Company (collectively, "Deere") oppose the petition.

David's Dozer filed this suit in SDFL, alleging false advertising and patent infringement. David's Dozer also sought a correction of inventorship to name Mr. Armas (David's Dozer's founder) as a joint inventor to certain of Deere's patents. Deere moved to transfer the action to NDIA pursuant to 28 U.S.C. § 1404(a), noting that the accused products were designed in NDIA and that NDIA would be more convenient for the employees and contractors who helped develop Deere's accused products, were responsible for the allegedly false advertisements, and are inventors of the relevant Deere patents.

After analyzing the public and private interest factors that govern transfer determinations under the law of the United States Court of Appeals for the Eleventh Circuit, the district court concluded that Deere had established good cause to transfer to NDIA. The court determined, among other things, that "the bulk of the witnesses would be inconvenienced by litigating in [SDFL]," Appx7; it would be easier to access the accused large products from NDIA, even if Deere could transport the machinery to SDFL; that David's Dozer's choice of forum was entitled to little weight because the suit was filed outside of where it found the locus of operative events occurred; and that the relative means of the parties favor neither forum, given David's Dozer and Deere were corporate entities.

We have jurisdiction to consider David's Dozer's petition seeking the extraordinary remedy of mandamus under 28 U.S.C. §§ 1651 and 1295. We apply regional circuit law— here the Eleventh Circuit—when reviewing a decision granting transfer under § 1404(a). *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021). And we review transfer decisions on mandamus only for a clear abuse of discretion under governing legal standards. *See id.*; *In re BayCare Med. Grp., Inc.*, 101 F.4th 1287, 1290 (11th Cir. 2024); *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("Absent a clear abuse of discretion,

an appellate court will not reverse a court's decision to transfer a case.").

The district court did not clearly abuse its discretion. It recognized that "a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations," Appx16, but reasonably found that was the case here. David's Dozer primarily argues that the court should have given its choice of forum more deference given the suit was filed in its home venue. We see no clear abuse of discretion, however, in the court finding that "other considerations outweigh Plaintiffs' choice to litigate at home." Appx17. Nor can we say that the district court clearly abused its discretion in finding the relative means of the parties factor to be neutral.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 11, 2024
Date

Jarrett B. Perlow
Clerk of Court